R. A. HARBORD and another *vs.* EDWARD COOPER.

June 13, 1890.

Guaranty of Note—Assignment.—The payee of negotiable paper having by indorsement made it payable to the order of another, adding also in the same indorsed contract a guaranty of payment, *held,* that the contract thus indorsed was assignable, and the assignee might recover thereon; and, further, that the assignment of the notes transferred also the indorsed contract of guaranty.

Appeal by defendant from an order of the district court for Nobles county, *Perkins,* J., presiding, overruling his demurrer to the complaint.

*Daniel Rohrer,* for appellant.

*P. E. Brown,* for respondents.

DICKINSON, J. Appeal from an order overruling a demurrer to the complaint. The defendant, being the payee of several negotiable promissory notes, sold and transferred them before maturity, indors-

ing them as follows: "Pay to the order of M. B. S. Dodsworth, Pt. For value received, I hereby guaranty the payment of the within note at maturity, or at any time thereafter, with interest at the rate of ten per cent. per annum until paid, waiving demand, notice of non-payment, and protest. EDWARD COOPER." It appears from the complaint that Dodsworth was a member, and the nominal president, of a banking copartnership; that the abbreviation "Pt." was intended to designate that person in his character of president of the bank; and that the notes thus indorsed were delivered to the bank, the transaction being with the partnership. Afterwards Dodsworth and his copartners sold and disposed of all their partnership property to the plaintiffs, and delivered the same to them, including these notes. The notes have not been fully paid, and a recovery is sought against the defendant on his contracts indorsed on the notes.

The indorsement made by the defendant upon each of the notes constituted both an indorsement of the same, by which they were made payable to the order of Dodsworth, representing the copartnership, and a guaranty of payment. It is contended on the part of the defendant that the contract of guaranty was not negotiable, was not transferred to the plaintiffs, and that they have no right of action on it. It is unnecessary to consider whether the qualities of negotiability attached to that part of the contract, for the notes with the indorsements do not appear to have been transferred to the plaintiffs in such a manner as to have entitled them to the peculiar privileges of the holders of negotiable paper. The complaint does show that *all the property* of the partnership, including the notes, had passed by assignment to the plaintiffs. That would include the choses in action, the contracts of guaranty made by the defendant, if such contracts were assignable; for they were part of the property of that partnership. Whatever might be the effect of a contract obligation assumed towards a particular person, and in terms restricted to him personally, this contract was not thus restricted; and it was assignable as rights of property in general, and such rights of action as survive to the personal representatives upon the death of the owner, are now recognized to be. The obligation assumed by the defendant was not, in legal effect, restricted to Dodsworth. It was

not only general in its form, but it was an unrestricted guaranty of the payment of an instrument in terms negotiable, and which the defendant's indorsement made payable to Dodsworth *or order*. The assignment of the notes would carry with it the indorsed guaranty of payment. *Stillman* v. *Northrup*, 109 N. Y. 473, (17 N. W. Rep. 379;) *Claflin* v. *Ostrom*, 54 N. Y. 581; *Craig* v. *Parkis*, 40 N. Y. 181; *McLaren* v. *Watson*, 26 Wend. 425; *Ketchell* v. *Burns*, 24 Wend. 456; *Waldron* v. *Harring*, 28 Mich. 493; *Reed* v. *Garvin*, 12 Serg. & R. 100.

Order affirmed.