ADA PHELPS v. WILLIAM C. SARGENT and Another.[1]

June 28, 1897.

Nos. 10,561—(195).

Negotiable Instrument—Date of Payment.

An instrument whereby the maker, for value received, promises to pay to the payee therein named, or order, a certain number of dollars on a certain day, with interest payable semiannually, in which it is also provided that, if default be made in the payment of interest, the principal, at the option of the holder, shall become due, is a negotiable promissory note.

[1] Reported in 71 N. W. 927.

Guaranty—Rights of Indorsee—Harbord v. Cooper, 43 Minn. 466, Followed.

A general guaranty by the payee of the payment of such a note, written thereon, passes with the assignment and delivery of the note to the holder thereof. Harbord v. Cooper, 43 Minn. 466, followed.

Same—Construction.

Such guaranty was in these words: "For value received, I hereby assign, indorse, and transfer the within note, and guaranty payment thereof, and all interest to accrue thereupon at maturity, according to its terms." *Held*, that this last clause refers to all of the stipulations of the note as to the time of its payment, and that a cause of action accrued on the guaranty when the maker defaulted in the payment of interest, and the holder exercised his option to treat the principal of the note as due.

Appeal by defendants from an order of the district court for St. Louis county, Moer, J., overruling their separate demurrers to the complaint. Affirmed.

*John G. Williams*, for appellants.

*Davis & Bureau*, for respondent.

START, C. J.

This is an appeal by the defendants from an order overruling their separate demurrers to the complaint.

The allegations of the complaint are: That on April 1, 1893, the defendant Sargent made his promissory note dated on that day, and thereby, for value received, promised to pay the defendant Howard or order $5,000 on July 1, 1898, with interest at the rate of 8 per cent. per annum, payable semiannually according to ten interest coupons, and current rate of exchange on the city of New York. That the principal note also provided, if default was made and continued for ten days in the payment of interest as it matured, the principal should, at the option of the holder of the note, be due. That notice of such option was expressly waived.

That on November 9, 1893, Howard, for value, duly sold and transferred the note to O. H. Hewit, and guarantied its payment by an instrument on the back thereof executed by him, which was in these words:

"Duluth, Minn., November 9th, 1893.

"For value received, I hereby assign, indorse, and transfer the

within note, and guaranty payment thereof, and all interest to accrue thereupon at maturity, according to its terms."

That on May 17, 1894, Hewit, for value, duly assigned and delivered the note to the plaintiff. That default was made, and continued for more than ten days after its maturity, in the payment of interest, and that the plaintiff elects to deem the principal of the note to be due, no part of which has been paid, except the sum of $2,000.

Each defendant interposed a demurrer, to the effect that the complaint did not state facts sufficient to constitute a cause of action, that several causes of action were improperly united, and that there was a misjoinder of parties defendant. Only the first ground of demurrer is here urged.

1. The first reason assigned why the complaint does not state a cause of action is that the note in question is not negotiable. If this contention were conceded, it would not support defendants' claim that the complaint does not state facts sufficient to constitute a cause of action; for the payee of a nonnegotiable note may guaranty its payment, and the allegations of the complaint show that the note has been duly sold and assigned to the plaintiff. But, with reference to the next question to be considered, it is proper here to determine whether this note is negotiable or not; that is, whether it is a promissory note. If it is such a note, it is negotiable, as it is expressly payable to the payee or order.

One of the indispensable requisites of a promissory note is that the time when payment thereof can be enforced must be certain, without the happening of any contingency. It must be payable unconditionally, and at all events. The defendants claim that the right given to the holder of this note, at his option to declare the principal due upon the failure to pay interest, renders the time of its payment uncertain and contingent, within the meaning of the rule stated. The note in question is less open to this objection than would be a note payable on or before a certain named date, for in such a case the time of payment is dependent on the volition of the maker. The holder of such a note must accept payment when tendered by the maker, but the right of the holder to enforce payment of the note on the due day, if not sooner paid, does not depend on any contingency; and such an instrument is a promissory note, and

negotiable, if payable to order or bearer. The test, as regards the time of payment, whether an instrument is a promissory note, is whether it provides a certain time when it must be paid at all events, and the right of the holder to enforce payment becomes absolute. Mattison v. Marks, 31 Mich. 421; Jordan v. Tate, 19 Oh. St. 586; Woollen v. Ulrich, 64 Ind. 120.

Now, the note in question names a definite time when it must be paid. It contains no agreement that it shall not be paid on the due day, upon the happening of a specified contingency. The contingent optional clause in this note simply enables the holder, at his volition, to enforce payment sooner, if the maker defaults in the payment of interest, precisely as the maker of a note payable on or before a certain date may, if he so wills, tender payment sooner. The instrument in question is a negotiable promissory note. 1 Daniel, Neg. Inst. § 48; Chicago v. Merchants, 136 U. S. 268, 10 Sup. Ct. 999.

2. The defendants further claim that the guaranty was personal to Hewit, and did not pass to the plaintiff with the note. Such is not the character of the guaranty. It is not personal and restricted to Hewit, but is a general guaranty of the payment of the note, and passed with the assignment and delivery of the note upon which it was written. This is not an open question in this state. It was expressly held in the case of Harbord v. Cooper, 43 Minn. 466, 45 N. W. 860, that a general guaranty of the payment of a negotiable promissory note written thereon passed with the assignment and delivery of the note to the holder. Whether this rule applies to a nonnegotiable promissory note, or to a mere chose in action, we do not decide.

3. Lastly, it is claimed that the action on the guaranty was prematurely brought, because the words of the guaranty, "according to its terms," refer, as defendants claim, exclusively "to the amount Howard guaranties to pay, to wit: the principal and the interest at the rate fixed by the terms of the note." The last clause of the guaranty is the equivalent of "according to the stipulations of the note." The terms of the note include the option to treat the principal due if the maker defaults in the payment of interest. Payment of the note was guarantied according to its terms, and by virtue of the stipulations of the note the holder thereof had the legal right to

bring an action thereon when this suit was begun, and the cause of action on the guaranty accrued as soon as the holder's right to bring an action on the note became absolute. The complaint does not show that this action was prematurely brought as to either defendant.

Order affirmed.