THE COMMERCIAL BANK *et al.* v. THE CHESHIRE PROVIDENT INSTITUTION.

### No. 10631.

UNRESTRICTED GUARANTY OF PAYMENT — *of negotiable instrument is also negotiable.* An unrestricted guaranty of payment indorsed on a negotiable instrument is negotiable and passes with the title to the instrument.

Error from Montgomery District Court. A. H. Skidmore, Judge. Opinion filed May 7, 1898. *Affirmed.*

*J. D. McCue,* for plaintiffs in error ; *James McKinstry,* of counsel.

*Gleed, Ware & Gleed,* for defendant in error.

ALLEN, J. The defendant in error obtained judgment against the Commercial Bank, for $2685, on a guaranty, in the following form, indorsed on a negotiable promissory note executed by Daniel Dart :

" For value received, the Commercial Bank hereby guarantees prompt payment of the interest on the within obligation and the payment of the principal at maturity. Witness our hands this 12th day of May, 1886. GEO. T. GUNERSEY, *Cashier.* L. U. HUMPHREY, *President.*"

The note was made payable to the order of the Topeka Investment & Loan Company, and was by it indorsed before maturity to the Cheshire Provident Institution. The petition alleges that, at the time the

note and mortgage securing the same were executed, the Commercial Bank, in writing and for a valuable consideration, executed the guaranty above copied. The answer of the Commercial Bank alleges that it as a corporation never had any interest in the note, and never received any value for the execution of the guaranty, that the officers of the bank had no authority to execute the guaranty, and that these facts were known to the payee of the note at the time of its delivery. To this answer the plaintiff replied with a general denial. The case was tried to the court, and a general finding was made in favor of the plaintiff, on which judgment was entered for the amount of the note and interest. Counsel for plaintiff in error claim, *First*, that the guaranty on which judgment was rendered was not a negotiable guaranty, because payable generally and not to order or bearer; *Second*, that the indorsement of the note did not assign the guaranty; *Third*, that, if it be conceded that the indorsement of the note operated as an assignment of it, all defenses against the first holder are available against the assignee; *Fourth*, that the guaranty is void because the bank had no power to lend its credit in that manner.

The first point presents the most important question in the case, and one on which the authorities are conflicting. It will be noticed that the guaranty under consideration in this case contains no words of negotiability, but is indorsed on a negotiable instrument. In Daniel on Negotiable Instruments, the conflicting views of the courts and text writers are summarized; and, in section 1777, the author says:

" On the other hand, there are cases which maintain that, although the guaranty on the paper, written at the time of delivery, specifies no person to whom the guarantor undertakes to be liable, and has no negotiable words, it runs with the instrument to which it refers, partakes of its quality of negotiability, and any

person having the legal interest in the instrument takes in like manner the guaranty as an incident, and may sue thereon. And it has been said in such a case, ' this view is consistent with the nature of the transaction, the evident intention of the parties, and the objects and uses of commercial paper.' This seems to us the better doctrine. By writing the guaranty on the paper, the guarantor evidences his intention to guarantee the contract of the maker. That contract being negotiable, is made with any and every person who may be the holder, and the guarantor is thus brought in privity with any and every ´person who becomes the holder.''

This view of the law seems to us supported by reason and the weight of authority. A guaranty indorsed on a negotiable instrument is to be construed with the language of the instrument. The one under consideration in terms names no guarantee. The evident intent was to guarantee the payment to the legal holder of the note. We are unable to perceive any good ground for the position, taken by some of the authorities, that the guaranty inures to the benefit of the first holder of the paper, only. The transfer of the note by indorsement must certainly operate as at least an assignment of the guaranty. We think it does more, and that the guaranty passes by the indorsement as fully as the note itself. The Commercial Bank by its guaranty became a party to a negotiable instrument. It employed no words limiting its liability, and it must make good the terms of its promise to the legal holder of the paper. This view of the law is sustained by the following authorities : Story on Bills of Exchange, § 458 ; *Webster v. Cobb*, 17 Ill. 459 ; *Phelps v. Sargent*, 71 N. W. 927 ; *McLaren v. Watson's Executors*, 26 Wend. 425 ; *Partridge v. Davis*, 20 Vt. 499 ; *Jones v. Berryhill*, 25 Ia. 289 ; Brandt on Suretyship and Guaranty, § 47.

The view opposed to the negotiability of a guar-

anty, unless made negotiable by express terms, is taken by Mr. Randolph in his work on Commercial Paper, section 861, and the authorities sustaining that view are cited in the notes.    Much stress and reliance are placed on the case of *Briggs v. Latham* ( 36 Kan. ·205, 13 Pac. 129).    In that case a recovery was sought on a guaranty written on a mortgage securing the note.    It was a guaranty of the payment of the mortgage.    The mortgage itself was not a negotiable instrument, and there were no words of negotiability in the guaranty.    We are entirely satisfied with the decision of that case.    The dictum contained in the opinion, seemingly opposed to the conclusion reached in this case, being entirely outside of the question before the court, is not of binding authority.    That the guaranty is assignable and passes with the assignment of the debt guaranteed does not admit of doubt.    *Reed v. Garvin*, 12 S. & R. 100 ; *Clafflin v. Ostrom*, 54 N. Y. 581 ; *Harbord v. Cooper*, 43 Minn. 466, 45 N. W. 860 ; *Stillman v. Northrup*, 109 N. Y. 473, 17 N. E. 379.

The record before us does not contain any of the evidence offered at the trial.    The general finding resolves all doubts as to the facts against the plaintiff in error.    We must, therefore, presume that the guaranty was executed for a valuable consideration, by the duly authorized officers of the Bank, and in due course of business.    The claim that a banking institution dealing in commercial paper is without authority to bind itself by a guaranty thereof, has nothing to commend it to especial favor.    It is true that in this case the paper itself does not indicate that the Commercial Bank ever owned it.    Nevertheless it may have received the proceeds and the guaranty may have been made strictly in the interest of the Bank. Attempts of corporations, organized solely for profit, to avoid their obligations on the ground that they are

*ultra vires* have never been received with marked favor by this court. *National Bank v. Quinton*, 57 Kan. 750, 48 Pac. 20 ; *Town Co. v. Lincoln*, 56 Kan. 145, 42 Pac. 706 ; *Railroad Co. v. Johnson*, 58 Kan. 175, 48 Pac. 847.

The general finding in favor of the plaintiff below is a complete answer to all questions urged on our consideration, except that as to the negotiability of the guaranty and the effect of the indorsement of the paper as an assignment of it.

The judgment is affirmed.