ADA PHELPS v. WILLIAM C. SARGENT and Another.

July 8, 1898.

Nos. 11,012—(104).

**Second Appeal—Law of the Case.**
   The decision on a former appeal (69 Minn. 118) *held* to be the law of the case.

**Written Contract—Parol Evidence.**
   Rule applied that a written contract cannot be varied by proof of an oral contract alleged to have been made at the same time.

Action in the district court for St. Louis county on a promissory note and a guaranty thereon. The cause came on for trial before Cant, J., and a jury, and at the conclusion of the testimony a verdict was directed in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*John G. Williams,* for appellants.

The note is absolutely due July 1, 1898. By subsequent provisions it might be declared due before that time, at the option of the holder, in case of default in payment of interest. There is an absolute maturity and a possible contingent maturity. The language of the guaranty is such as to leave it indefinite and ambiguous which maturity was in contemplation by the parties. Parol evidence was therefore admissible to explain the ambiguity. Gardner v. Watson, 76 Tex. 25; Pfeifer v. National L. S. Ins. Co., 62 Minn. 536.

*Davies & Bureau,* for respondent.

This court has decided that the guaranty upon its face is not doubtful, and will allow of but one construction. Phelps v. Sargent, 69 Minn. 118. The case at bar certainly comes within the rule that a written contract cannot be varied by parol testimony. McCormick H. Machine Co. v. Wilson, 39 Minn. 467; Minneapolis T. M. Co. v. Davis, 40 Minn. 110; Smith v. Mussetter, 58 Minn. 159.

CANTY, J.

This is the second appeal in this action. See 69 Minn. 118, 71

N. W. 927. All of the questions raised on this appeal except one were disposed of on the former appeal, and have become the law of the case.

After the case was remanded on the former appeal, defendants answered, and allege in their answer that, at the time defendant Howard transferred the note in suit to Hewit, it was agreed between them that "Howard should not be in any manner liable on said promissory note until after the maturity thereof on the 1st day of July, 1898." It is not alleged that there was a mutual mistake in reducing this agreement to writing, or in incorporating it into the guaranty, and the answer contains no counterclaim for the reformation of the guaranty on any such ground. On the trial, defendants offered to prove that the above-quoted agreement was orally made at the time alleged.

The court did not err in rejecting the offer, which was clearly an attempt to vary the written contract of guaranty by an alleged oral agreement made at the same time that the written contract was made.

The court did not err in ordering a verdict for plaintiff.

The order denying a new trial is affirmed.