## WALKER v. GRIFFIN.

No. 13385—Opinion Filed Oct. 7, 1924.

(Syllabus.)

1. **Bills and Notes—Action Against Guarantor Alone.**

One who has indorsed his signature upon the back of a negotiable promissory note, clearly indicating by appropriate words his intention to be bound thereon as a guarantor, may be sued by the holder of said note without joining the principal maker of said note with him as defendant in the action.

2. **Same—Negotiability of Guaranty.**

"An unrestricted guarantee of payment indorsed on a negotiable instrument is negotiable and passes with the title of the instrument." Commercial Bank et al. v. Cheshire Prov. Inst., 59 Kan. 361, 53 Pac. 131.

3. **Corporations—Validity of Note by Corporation—Consideration.**

When a corporation sells certain shares of its own capital stock to a purchaser for less than the par value thereof, in violation of section 36, art. 9, of the state Constitution, and the purchaser, without laches, demands a rescission of the contract of purchase and sale of said stock on the ground that the corporation committed fraud in inducing him to purchase the stock, and the corporation thereupon enters into an agreement with the purchaser for a rescission of the entire contract, accepts back for cancellation the shares of stock sold, agrees to repay the consideration to the purchaser, and gives its promissory note to that effect, payment of said note cannot be defeated by the corporation on the plea that said shares of stock were void and that no consideration passed to the corporation to support such note.

4. **Bills and Notes—Action by Holder in Due Course—Answer—Failure of Consideration—Reply.**

Where the holder of a negotiable promissory note brings suit thereon, alleging that he is the holder in due course, as defined by section 7722, Comp. Stat. 1921, it is not necessary for him to plead in his petition that sufficient and lawful consideration passed, in the first instance, from the original payee to the maker of said note, and in event the defendant answers denying the plaintiff to be a holder in due course and therein further pleads that such note was given without consideration, such plaintiff may, in his reply and without departure, properly plead a denial of the want of consideration and may therein further plead facts showing that the defendant is estopped as a matter of law from asserting his defense of a failure of consideration.

Error from District Court, Grady County; Will Linn, Judge.

Action by John Griffin against Alex Walker. Judgment for plaintiff and defendant brings error. Affirmed.

Bailey & Hammerly, for plaintiff in error.

R. D. Welborne and Bond, Melton & Melton, for defendant in error.

LYDICK, J. In consideration of the cancellation of certain stock previously sold and issued by the Walker Refining Company to J. H. Griffin, that company executed and delivered its certain negotiable promissory note, payable to the order of the said J. H. Griffin and indorsed by Alex Walker personally. The indorsement appeared upon the back of the note and contained these words: "1 guarantee payment of this note," and immediately beneath such indorsement Alex Walker wrote his name. J. H. Griffin indorsed the said note in blank and sold and delivered the same to John Griffin, who claims that he is an innocent purchaser of said note in due course for value and before maturity. Upon default being made in the payment of the said note, John Griffin brought suit in the district court of Grady county against Alex Walker, indorser thereon, and against him alone. Upon issues joined, the case was tried to a jury, and upon the verdict of the jury in favor of the plaintiff the court rendered judgment accordingly, and the defendant, Alex Walker, has brought the case here on appeal. We will refer to the parties according to the position which they occupied in the lower court.

Defendant complains because the lower court refused to require the plaintiff in the court below to make the principal, the Walker Refining Company, a corporation, and the second indorser, J. H. Griffin, parties defendant. The parties here treat Alex Walker as having made such an indorsement as, by section 7733, Comp. Stat. 1921, that he has clearly indicated his intention to be bound therein as a guarantor. As such guarantor the plaintiff had the right to sue him without the necessity of joining the principal with him as a defendant, and

it was not error for the court to refuse to require the principal to be made a defendant.

The plaintiff in error complains that the obligation of Alex Walker as guarantor did not pass by the negotiation of the note to John Griffin. In the case of Commercial Bank et al. v. Cheshire Provident Inst., 59 Kan. 361, 53 Pac. 131, the Supreme Court of Kansas said:

"An unrestricted guarantee of payment indorsed on a negotiable instrument is negotiable and passes with the title to the instrument."

The case is a well reasoned one and we approve the rule. See, also, Masters v. Boyes, 44 Okla. 526, 145 Pac. 363; Wood v. Farnham, 1 Okla. 375, 33 Pac. 867.

The defendant says the note was given in consideration of the return by J. H. Griffin to the company of certain shares of its own capital stock and complains that there was no consideration to support the execution of said note, for the reason that the stock had been sold by the corporation to J. H. Griffin for less than par value, in violation of section 36, art. 9, of the state Constitution, and was, therefore, void and of no value. It says, therefore, there was no consideration to support the note. Defendant also contends that the corporation was without authority to purchase this block of its own stock, because the same was neither purchased from its surplus profits or the unanimous consent of all the stockholders as provided in section 5320, Comp. Stat. 1921. From the record it appears that J. H. Griffin, after having purchased this stock from the corporation, asserted that the corporation had fraudulently induced him to purchase same and was demanding a rescission of the contract and the restoration to him of the consideration which he had paid for the stock. The company yielded to the demands of J. H. Griffin, had him return the stock to the company for cancellation, and gave him its note evidencing its obligation to return to him the consideration theretofore paid by Griffin in the amount of the note. The company, therefore, did not purchase this stock from J. H. Griffin, but merely permitted a rescission of its alleged fraudulent contract, correcting the wrong which it had illegally done. The note was not given without lawful and sufficient consideration.

Plaintiff, in his petition, pleaded that he was an innocent purchaser of the note in due course for value before maturity. The defendant answered by denying these allegations, and further pleaded failure of consideration. This defense could avail the defendant nothing in event it was found that the plaintiff was an innocent purchaser of the note in due course for value before its maturity. It was not necessary for the plaintiff in his petition to anticipate the defense to be made and, therefore, not necessary that in his petition he plead the payment by the original payee of a consideration to support the note. When the defendant had answered, denying that the plaintiff was an innocent purchaser, and pleaded a want of consideration, the plaintiff filed a reply setting out the consideration and pleading facts calculated to show that the defendant was estopped from urging that defense. The plaintiff in error here urges that this was a departure from the theory of plaintiff's petition, but we fail to see any reasons to support his contention. The matter pleaded in the reply was a defense to the new matter set up in the answer. It did not set up any fact inconsistent with the allegations in the petition, and these matters were proper and necessary only in the reply.

The plaintiff in error in his brief contends that, under the evidence, the reasonable conclusion is that John Griffin was not an innocent purchaser of said note in due course for value and before maturity. His argument is reasonable and should have had much weight with the jury; but even from this argument, it does not appear that there is wanting in the record sufficient evidence to make prima facie proof of any facts necessary to exist in order to constitute John Griffin as such innocent purchaser of said note. The verdict of the jury and judgment based thereon, therefore, cannot be disturbed upon the ground that the verdict is contrary to the weight and preponderance of the evidence.

The judgment of the lower court is affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, WARREN, and GORDON, JJ., concur.