**JANEWAY, Rec., et al. v. VANDEVENTER.**

No. 23661.    May 21, 1935.

Paul D. Busby and Geo. B. Schwabe, for plaintiffs in error.

Silverman, Rosenstein & Fist and R. E. Rosenstein, for defendant in error.

BUSBY, J. This action was commenced in the court of common pleas of Tulsa county on the 3rd day of July 1930, by F. L. Vandeventer, as plaintiff, against George M. Janeway, receiver, Jansen-Jenkins, Inc., a corporation, C. H. Terwilliger, L. D. Jenkins, A. Jansen, and J. C. Hart, as defendants. The plaintiff sought to recover from the defendants the principal sum of $2,200, together with interest thereon from the first day of March, 1930, at the rate of 6 per cent. per annum.

George M. Janeway was the receiver for Jansen-Jenkins, Inc., having been appointed in that capacity by the federal court for the Northern district of Oklahoma. Shortly after this action was filed it was removed to the federal court, wherein, on motion to remand presented by the plaintiff, the cause was returned to the court of common pleas. When the cause was called for trial in the court of common pleas, the plaintiff dismissed his action without prejudice as to the receiver and proceeded to trial against the remaining defendants. The cause was tried to a jury and resulted in a verdict and judgment in favor of the plaintiff for the amount sued for.

The defendant A. Jansen was adjudged a bankrupt while this case was pending in the court below.

The case is brought to this court on appeal by the defendants Jansen-Jenkins, Inc., C. H. Terwilliger, L. D. Jenkins, and J. C. Hart, who appear herein as plaintiffs in error. For the sake of convenience we shall continue to refer to the parties in the order of their appearance in the court below.

On the first day of March, 1929, the plaintiff, F. L. Vandeventer, acquired from Jansen-Jenkins, Inc., which was then a solvent corporation, 22 shares of stock of said corporation of the par value of $2,200. At the same time and as a part of the same transaction, Jansen-Jenkins, Inc., executed its written contract whereby it agreed, in substance, to repurchase the stock from the plaintiff within one year from the date of the contract at the option of the plaintiff if he should become dissatisfied. At the same time the defendants C. H. Terwilliger, L. D. Jenkins, A. Jansen, and J. C. Hart executed a separate contract of guaranty to secure the performance of the repurchase contract. These instruments were in writing and read as follows:

"Whereas, F. L. Vandeventer, of Tulsa, Okla., has purchased twenty-two (22) shares of the stock of Jansen-Jenkins, Inc., of the par value of two thousand two hundred ($2,200) dollars, as evidenced by certificate No. 9, issued on the 1st day of March, 1929;

"Now, therefore, be it understood, that the undersigned hereby binds itself to return to the said F. L. Vandeventer, the par value of said stock one year from the date hereof, if said F. L. Vandeventer be not satisfied with the aforesaid investment.

"Dated at Tulsa, Okla., this 1st day of March, 1929. Jansen-Jenkins, Inc., By C. H. Terwilliger, (Signed) President. Attest: L. D. Jenkins (Signed) Secretary.

"We, the undersigned, in consideration of the sum of one ($1) dollar, and other valuable considerations, in hand paid, the receipt whereof is hereby acknowledged, do hereby guarantee the above and foregoing agreement on the part of Jansen-Jenkins, Inc.

"Dated at Tulsa, Okla., this 1st day of March, 1929. C. H. Terwilliger (Signed) L. D. Jenkins (Signed) A. Jansen (Signed) J. C. Hart (Signed)."

According to the testimony of plaintiff, he became dissatisfied with the management of the company and the stock he had acquired before the first day of March, 1930, and expressed his dissatisfaction in conversations had with officers of the defendant corporation. On March 1, 1930, which was exactly one year after the date the contracts above referred to were executed, the plaintiff, through his brother, orally and in a formal manner, advised the company of his dissatisfaction and demanded that the company pay to him the par value of his stock in accordance with the contract.

Thereafter and on or about the 20th day of March, he prepared a formal written notice reciting therein the demand made on the first day of March and requesting and demanding that the company and other defendants in this case pay him the sum specified in the contracts in accordance with the terms thereof. This written demand was transmitted to each of the defendants by registered mail.

According to the testimony introduced by the plaintiff, the response of the defendant corporation, speaking through its president, to the oral demand made on March 1st, was, "It will be worked out."

From the testimony of the defendant C. H. Terwilliger, who was also the president of the defendant corporation, it appears

that at the time this oral demand was made the defendant corporation was in financial difficulties and was undertaking to negotiate some character of a loan which could only be made in the event that Mr. Terwilliger, as an individual, would secure the payment thereof. It also appears in this connection that Mr. Terwilliger advised the plaintiff at the time of the demand of this financial difficulty and negotiation. Later and on or about the 5th day of April, 1930, the receivership proceeding was commenced in the federal court for the Northern district of Oklahoma.

It is manifest from the substance of the conversations as disclosed by the record that the defendant corporation, through its agent, refused to carry out its contract to repurchase the stock by reason of its financial inability to do so, and that it in effect declined to immediately pay the money under any circumstances, indicating, however, a possibility of making such payment in the future.

There is some conflict in the evidence with respect to the date of the oral demand, as well as the details of the conversations between the parties at that time. However, the issues of fact thus presented were submitted to the jury and decided in favor of the plaintiff.

The evidence does not show any formal tender of the stock by the plaintiff to the defendant, a corporation, either at the time the oral notice of the dissatisfaction was given or at any later date, except that the plaintiff in his pleading formally tenders the stock to the defendant.

It is the contention of the defendant that the failure to make a formal tender of the stock is fatal to this action.

In presenting the legal question to this court neither of the parties call our attention to any Oklahoma case dealing directly with the necessity of a tender in a case of this character. An examination of the provisions of the written contracts previously quoted in this opinion discloses that a tender of the stock on the part of plaintiff was not required in order for the plaintiff to exercise his option to require the defendant to repurchase the stock. Considering a contract very similar to the one presented in the case at bar, the Supreme Court of California in the case of Flickinger v. Heck et al., 200 P. 1045, said:

"In other words, if the second party, plaintiff's assignor, desired the defendants to repurchase the stock, he was to give notice, ten days before the expiration of one year from the date of the contract, of his acceptance of defendants' offer. This notice, which was given as required, gave rise to a binding bilateral contract for the repurchase of the stock. There is nothing in the option clause which requires a tender or demand in order to constitute an election to accept the option. The tender of the stock to defendants was an act in performance of the contract created by the election, and, while necessary to put defendants in default under this subsequent bilateral contract, it was a step in pursuance of the contract, not in its creation."

While the holding in the cited case does not announce a rule which would dispense with the necessity of making a tender as a condition precedent to the commencement of an action in a case of this character, it does hold that such a tender was not necessary under the contract in this case in order for the plaintiff to elect to exercise his option to require the defendant corporation to repurchase the stock.

We now direct our attention to the necessity of making a tender of the stock as a condition precedent to the maintenance of this action.

Assuming, without deciding, that such a tender is ordinarily required in a case of this character, it is our judgment that it was unnecessary under the peculiar facts and circumstances of this case. It is universally recognized in law that when a tender is necessary to establish a right against another party, it becomes unnecessary when it appears that such tender, if made, would have been refused. See Hills v. National Albany Exch. Bank, 105 U. S. 319, 26 L. Ed. 1052; Ruland v. Bohner, 149 Okla. 36, 299 P. 167; Rupard v. Rees, 94 Okla. 49, 220 P. 893; Grier v. McCormick, 100 Okla. 36, 227 P. 400; Mitchell v. Reeder, 104 Okla. 48, 231 P. 268; Kingkade v. Plummer, 111 Okla. 197, 239 P. 628.

Under the contract involved in this action, plaintiff, of course, was not bound to surrender his stock until the defendant corporation should pay him the repurchase price thereof. It is evident from the manner in which the defendant corporation, through its president, responded to the demand and from the financial condition of the corporation at the time that the repurchase price as stipulated by the parties would not have been paid if the tender had been made in a formal manner. Thus the tender which would have been conditional

in form would have been refused, if it had been made. It therefore follows that the failure to make a formal tender in this case is not fatal to the maintenance of plaintiff's action. The law does not require that a useless and vain thing be done.

It is urged by the defendants, in substance, that the court submitted to the jury in an improper manner the question of whether the plaintiff had released the principal obligor and thereby relieved the guarantors of any liability by virtue of the provisions of section 9617, O. S. 1931, which provides:

"A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended."

A disputed question of fact was presented in the testimony in the trial court as to whether the plaintiff, in order to procure an order remanding the cause from the federal court to the state court, agreed to and did release the principal obligor. This disputed question of fact was submitted to the jury and decided adversely to the contentions of the defendants. An examination of the instructions in connection therewith discloses that they correctly state the law.

The dismissal of the case against the federal court receiver was "without prejudice." Thus the dismissal did not amount to a release from liability. Defendants do not call our attention to any authorities holding that guarantors cannot be sued without joining or prosecuting the action against a receiver for the principal obligor, or even the principal obligor. On the contrary, the general rule is that the principal obligor is not a necessary party to the action against the guarantors. Section 155, O. S. 1931; 28 C. J. 1012; see, also, Walker v. Griffin, 107 Okla. 107, 232 P. 65, and Walker v. McNeal, 132 Okla. 40, 269 P. 295. Likewise mere delay in enforcing a claim against the principal obligor does not exonerate the guarantor. Section 9621, O. S. 1931. This contention on the part of the defendants is without merit.

There are other arguments mentioned in the brief which we deem it unnecessary to discuss.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.