F I L E D
United States Court of Appeals
Tenth Circuit

AUG 7 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THRIFTY RENT-A-CAR SYSTEM,
INC., an Oklahoma corporation,

Plaintiff-Appellee,

v.

BEST LEASING, INC.,

Defendant,

and

ALDO MUROS, an individual,

Defendant-Appellant.

No. 99-5137
(D.C. No. 96-CV-1136-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case arose when plaintiff, Thrifty Rent-A-Car System (Thrifty), brought suit against defendants, Best Leasing, Inc. (a Thrifty franchisee) and Aldo Muros (Best's owner and guarantor of agreements between Thrifty and Best), to collect on monies owed by Best to Thrifty as a result of agreements arising out of the franchise relationship. Defendants brought several counterclaims against plaintiff, and the district court granted summary judgment in favor of plaintiff on defendants' counterclaims. Thereafter, Best filed for bankruptcy, and the claims against it were stayed. The claims against Mr. Muros proceeded to trial, at which Mr. Muros did not appear, and the district court entered judgment pursuant to Fed. R. Civ. 54(b) in favor of plaintiff on those claims. Mr. Muros moved to vacate the judgment, and the district court denied the motion. Mr. Muros now appeals from the summary judgment in favor of Thrifty on his counterclaims and from the final judgment in favor of Thrifty on its claims against him. We affirm.

At the outset, we hold that the district court was correct in its finding that the choice of law provisions in the relevant agreements determine the law to be applied in this case. The parties agreed in the guaranties signed by Mr. Muros that Oklahoma law would govern any disputes between the parties, and Oklahoma

enforces such choice of law provisions, except where to do so would violate Oklahoma public policy. *See Williams v. Shearson Lehman Bros., Inc.*, 917 P.2d 998, 1002 (Okla. Ct. App. 1995).

We begin by addressing Mr. Muros' argument that the district court should have vacated its judgment against him on Thrifty's claims because, without having determined Best's liability on the agreements, it cannot have adjudged the claims against him, as guarantor. The district court was correct in declining to vacate its judgment on this basis. A guarantor's obligation is independent of the underlying contract, and Thrifty could have brought suit against Mr. Muros without even joining Best as a party. *See Riverside Nat'l Bank v. Manolakis*, 613 P.2d 438, 441 (Okla. 1980); *Janeway v. Vandeventer*, 45 P.2d 79, 82 (Okla. 1935).

Mr. Muros argues that the district court erred in granting summary judgment in favor of Thrifty on the counterclaims. Defendants counterclaimed that Thrifty breached the lease agreement in two respects: first, by failing to provide local advertising for Best's business and second, by refusing to allow Best to operate a parking-only facility. They also alleged that Thrifty was liable for misrepresentations. Having reviewed the district court's ruling on summary judgment *de novo*, *see Kaul v. Stephan,* 83 F.3d 1208, 1212 (10th Cir. 1996), we agree that Thrifty was entitled to judgment on defendants' counterclaims.

With regard to the breach of contract counterclaim, we agree with the district court's reading of the contract and its finding that Thrifty had no obligation to provide local advertising for Best's business. The district court was also correct in finding that the agreement did not obligate Thrifty to allow Best to run a parking-only facility. The agreement clearly indicates the parties' intent that Best operate a car rental business. Defendants' misrepresentation counterclaim also fails. The district court was correct in finding that defendants did not show that Thrifty had a duty to disclose the information. They did not show that their relationship with Thrifty was anything other than a normal commercial relationship. The record contains nothing indicating a special trust or confidence giving rise to a fiduciary relationship between the parties, and the district court was correct in finding that the contract provisions do not provide evidence of such a relationship. *See Devery Implement Co. v. J.I. Case Co* ., 944 F.2d 724, 730 (10th Cir. 1991). [1]

Mr. Muros argues that the case should have been transferred to another district. The district court denied the motion to transfer, finding that the forum

---

[1]    Like the district court, we do not consider any claims on appeal regarding counterclaims that Thrifty breached the implied covenant of good faith and fair dealing or that its failure to disclose material facts was a breach of the contract. Because these allegations were not properly raised before the district court, the district court did not consider them and, therefore, we do not consider them on appeal. *See Walker v. Mather (In re Walker)* , 959 F.2d 894, 896 (10th Cir. 1992).

selection clause in the contract was valid and that defendants did not show any of the circumstances that might render the clause invalid. The district court's ruling was well within its discretion to deny the motion to transfer. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Neither did the district court abuse its discretion in denying defendants leave to amend their answer and counterclaims. The untimeliness of the motion to amend, coupled with the lack of reason for the delay, justifies the district court's denial of the motion. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

We also review the court's disqualification of an attorney for an abuse of discretion. *See McEwen v. City of Norman*, 926 F.2d 1539, 1550 (10th Cir. 1991). Because the record on appeal does not contain either the motion to disqualify or the district court's ruling on the motion to disqualify, we cannot determine whether the district court acted within its discretion. If the record on appeal is insufficient to permit assessment of the claims of error, we must affirm. *See Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979-80 (10th Cir. 1992).

Mr. Muros argues that the district court erred in striking the jury trial because the agreements do not contain jury waiver provisions. The record is to the contrary. All the relevant agreements contain clear and conspicuous jury waiver provisions, and the district court was correct to enforce them.

Finally, Mr. Muros challenges several discovery rulings made by the district court, all of which we review for an abuse of discretion. *See GWN Petroleum Corp. v. OK-TEX Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993). After an in camera review, the district court denied discovery of a certain report sought by defendants. This ruling was within the district court's discretion. Also within its discretion was the denial of defendants' motion to depose the Chief Executive Officer of Thrifty. Neither has Mr. Muros shown that the district court abused its discretion in denying the motion to compel further examination of Mr. Bonner. [2]

In sum, Mr. Muros has fallen short of showing that Thrifty was not entitled to summary judgment on the counterclaims brought by defendants. Neither has he shown that the judgment entered against him on Thrifty's claims was in error and should be vacated. AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[2] We do not address Mr. Muros' objections to Mr. Cerefice's deposition, because he did not first raise them to the district court. *See McEwen,* 926 F.2d at 1550.