## WALKER v. McNEAL.

No. 18282. Opinion Filed July 17, 1928.

(Syllabus.)

Guaranty—Guarantors of Corporation Mortgage Bonds not Released by Subsequent Bankruptcy of Corporation—Consent by Guarantors to Alteration of Principal's Liability—Separate Suit on Guaranty—Concurrent Remedies of Guarantee—Subrogation of Guarantors.

Plaintiff was the owner of a portion of the issue of first mortgage bonds by a corporation. The defendants by their written contract made to plaintiff an unconditional guaranty of the payment of these bonds at maturity. Upon maturity plaintiff brought suit to recover of the guarantors the amount of his bonds, and soon thereafter the trustee named in the first mortgage bonds brought suit in the United States court for judgment on the entire issue of the bonds, including plaintiff's, and for foreclosure of the mortgage on the property of the corporation to secure the payment thereof. Thereafter the corporation went into

bankruptcy with administration of its affairs in the same United States court. The assets of the corporation were by the court ordered to be sold by the trustee in bankruptcy, for the purpose of paying its debts in the manner set out in the decree. It was provided in the decree that the first mortgage bonds might be accepted by the trustee as a part of the purchase price. Before the sale of the property it was agreed by the guarantors of the bonds involved in this action that these bonds might be used as provided in the decree, and, in accordance with the agreement with them and other interested bondholders and creditors, the property was bought by a party to hold the same as trustee and resell it for distribution of the proceeds among the creditors, but with the understanding with the guarantors that this suit would not be abated nor in any way abandoned. The purchase of the property was made by the trustee, who now holds the same for said creditors.

Under the foregoing facts it is held: First. That the plaintiff is the proper party to bring and maintain this suit against the guarantors. Second. That the guaranty of payment given by the defendants to the plaintiff is unconditional. Third. That under section 222, C. O. S. 1921, the guarantors could be sued upon the guaranty without reference to the suit upon the main obligation. Fourth. That the guarantors were clearly not relieved from liability on their guaranty under section 5140, C. O. S. 1921. Fifth. That the judgment in this case against the appealing guarantor must be affirmed for the reason that upon default in payment of the bonds, the plaintiff had two concurrent remedies; those he has pursued. And he is entitled to pursue both of them until he has one complete satisfaction of his debt: and it not being shown that the debt has been paid, this judgment must be affirmed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by P. A. McNeal against P. G. Walker, Jr., and Kate C. Stebbins, administratrix of the estate of G. C. Stebbins, deceased. Judgment for plaintiff, and the defendant P. G. Walker, Jr., alone, brings error. Affirmed.

Madden & Bland, for plaintiff in error.

West & Petry, for defendant in error.

REID, C. The plaintiff, P. A. McNeal, filed his petition in the district court of Tulsa county, on March 1, 1923, to recover judgment against G. C. Stebbins and P. G. Walker, Jr., defendants, on their indorsement of 12 negotiable bonds of the Choctaw Portland Cement Company of $1,000 each, draw-

ing seven per cent. interest from July, 1919. The defendants had guaranteed payment of these bonds, on maturity, by written guarantee on each bond in these words:

"We, the undersigned, for value received, waiving protest and notice of protest and nonpayment, do hereby guarantee payment of the within bond and interest coupon at maturity.

"G. C. Stebbins,
"P. G. Walker, Jr."

On the 20th of August, 1923, the defendants answered, and among other things set up the defense that there was a suit pending in the United States court, by the trustee named in the bonds, to foreclose the mortgage securing the entire issue of these bonds, and that the plaintiff's bonds would be fully paid off and discharged thereby.

The case was continued from time to time until the 26th day of June, 1926, when the defendants filed their amended answer, and presented the defenses here urged, by the allegations that since the institution of this suit the cement company was adjudged a bankrupt; that suit was instituted in the United States Court for the Eastern District of Oklahoma, to foreclose the outstanding bonds of the company, and asking that the property be sold in payment thereof; that the bonds in this suit were included in that case; that the said court by an order made on the 28th day of December, 1923, directed the assets of said cement company to be sold on the 19th day of February, 1924; that the judgment creditors, and other persons to whom the cement company was indebted, entered into an agreement among themselves whereby the interested bank agreed to furnish $50,000 in cash, and that the bonds, including those involved in this action, were also to be used as part of the purchase price of the plant and property of the bankrupt; that this agreement was carried out, and when the property was sold it was purchased by George M. Canterbury, as trustee. for all creditors, who was to hold it, under the agreement, for sale, and when it was sold the proceeds of the sale were to be applied to reimburse the banks for the $50,-000 cash advanced. and for the payment of said first and second mortgage bonds, and the balance to the unsecured creditors; that the purchase was made, and the United States court approved the sale, ordered the trustee to deposit in the registry of the court the cash received by him to abide the further order of the court, and to deposit all bonds with coupons attached, received in payment of said property; and that the order of the court was in all things complied with, and that the bonds in this action are now held in the registry of said court, and not by the plaintiff; that this plaintiff, along with the other bondholders and creditors, is therefore the owner of said property, and not owners of the bonds, and therefore plaintiff cannot maintain this suit, as he has thereby released these guarantors from their obligation.

The answer further alleged that the cement plant was still held by Canterbury, as trustee for the bondholders and unsecured creditors, and that the amount due the plaintiff could not be determined until such trustee has sold the property and distributed the assets among the creditors entitled to participate therein.

Plaintiff replied with a denial of the material allegations of the amended answer inconsistent with his petition. He also demurred to that part of the answer alleging the proceedings in the United States court The demurrer was overruled.

The case proceeded to trial before the court, and judgment was had against P. G. Walker and Kate C. Stebbins, administratrix of the estate of G. C. Stebbins, deceased; Stebbins having died since the institution of the suit, and the action being revived as to him. Judgment was had for the plaintiff for the principal amount of his bonds and the interest thereon against each of the defendants. The defendant P. G. Walker alone appeals from the judgment, and the parties will be referred to as they stood in the trial court.

The ground upon which the defendant seeks to avoid liability in this case is based upon the defense set up in the amended answer as heretofore stated.

The guaranty is unconditional, under section 5133, C. O. S. 1921, which is as follows:

"A guaranty is to be deemed unconditional, unless its terms import some condition precedent to the liability of the guarantor."

This case was pending at the time the bankruptcy proceedings were begun, and plaintiff asked for personal judgment only against the guarantors.

Section 222, C. O. S. 1921, provides that:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes. and indorsers and guarantors. may all or any of them be included in the same action, at the option of the plaintiff."

And section 5134, C. O. S. 1921, provides that:

"A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

The evidence in this case in sufficient for the trial court to find, as a trier of the facts, that this plaintiff never made any agreement to postpone this action until after the property should be sold by Canterbury, the trustee, and it was determined what amount would be received by him for distribution among the creditors. But an examination of the evidence does show that the case was postponed for sometime, evidently the plaintiff and all other parties hoping that the assets held by Canterbury would pay the claims, including the amount of these bonds.

The evidence was further sufficient for the court to find that the entire arrangement, by which it was agreed that Canterbury should buy the property and sell it for the benefit of bondholders and other creditors, was made largely at the request of these defendants, and for their protection.

This particular action by plaintiff was in the hands of Mr. West, attorney for the plaintiff, and it was admitted upon the trial of this action that he had never made any agreement that this suit would be postponed until the property was sold by Canterbury. And the judgment in this case recites the presence of the defendant Walker at the trial, and he did not testify in the case. This suit was pending and had been prior to the beginning of the bankruptcy proceedings.

The defendant in this case calls our attention to section 5140, C. O. S. 1921, which provides:

"A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended."

It will be observed that the act which exonerates the guarantor by this statute is one done by the creditor "without the consent of the guarantor." As the evidence in this case shows that the proceedings in buying the cement company property were had with the consent of the guarantors, this statute has no appplication.

Section 5143. C. O. S. 1921. would not affect the creditor in this case, for he has not received anything in partial satisfaction of his obligation. After the property has been sold by Canterbury, money paid to the plaintiff on these bonds would entitle the defendants to credit therefor. The evidence shows that Canterbury bought this property as trustee, not for the purpose of operating it for the creditors, but for resale and distribution of the proceeds to them as soon as possible, but no sale has been made.

When the bonds owned by the plaintiff became due, he had the right, through the trustee of all the bondholders, to begin an action in foreclosure of the bonds. This was done, and we have seen the course and result of that proceeding. And in addition to the foregoing remedy, the plaintiff by express statute, section 5134, supra, and by the terms of the guaranty, was immediately entitled to a judgment against the guarantors upon the default of the principal. He can pursue both concurrent remedies at the same time, until he has one satisfaction of his debt. Swift & Co. v. Colvert, 127 Okla. 80, 259 Pac. 844; Callahan v. Cowley & Riddle, 117 Okla. 58, 245 Pac. 48; 9 R. C. L. 958, sec. 4; Pierce v. Merrell, 128 Cal. 464, 61 Pac. 64, 79 A. S. R. 56; Hunt v. Darling, 26 R. I. 480, 59 Atl. 398, 69 L. R. A. 497.

And in the case of Lee v. Butler, 167 Mass. 426, 57 A. S. R. 466, we find the law strongly applicable to that question stated in the syllabus, as follows:

"If a party making a loan to a corporation receives as collateral security part of its bonds and the guaranty of a third person making himself responsible for the payment of the debt, the foreclosure of the mortgage given to secure such bonds does not release the guarantor. The creditor's interest in the real estate subject to such foreclosure stands as before as mere security for his debt, and does not affect his right to proceed against his guarantor."

In the syllabus of Hunt v. Darling, supra, the Supreme Court of Rhode Island said:

"A subcontractor is entitled to prosecute a petition for a mechanic's lien simultaneously with an action at law against the contractor, in which a part of the contract price still in the hands of the owner for the satisfaction of the lien is attached."

As will be seen from the foregoing authorities, the plaintiff had the right to pursue the two concurrent remedies as he has done. If the guarantors pay this judgment, they will be subrogated to whatever rights the plaintiff has in the proceeds to be derived from the sale of the cement company's

property by the trustee now holding it. On the other hand, if satisfaction of plaintiff's demand be had out of the cement company assets, then the guarantors are entitled to have this judgment released.

It is recommended that the judgment of the trial court be affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

·Note.—See 28 C. J. p. 895, §11; p. 973, §125; p. 994, §153; p. 1031, §202.