## YOUNT v. BANK of COMMERCE.

No. 24096.   April 30, 1935.

M. L. Opperud and O. B. Martin, for plaintiff in error.

Elmer S. Rutherford, for defendant in error.

PER CURIAM. Suit by Bank of Commerce of Watonga, defendant in error, against J. B. Yount, plaintiff in error, upon his guaranty of a $1,404 note, executed by Mary Jenkins; verdict and judgment for defendant in error, the plaintiff in lower court.

For brevity plaintiff in error, defendant in lower court, will be designated as Yount, defendant in error in this court, plaintiff in lower court, "the Bank."

The Bank sued defendant, Yount, upon a written guaranty as follows:

"Tonkawa, Oklahoma, September 8th, 1926, Bank of Commerce, Tonkawa, Oklahoma. Gentlemen: I hereby guarantee payment of one certain note made to your bank for $1,300.00, by Mary B. Jenkins, secured by real estate mortgage on her house in Tonkawa. Oklahoma. J. B. Yount."

Note attached to plaintiff's petition was as follows:

"Tonkawa, Oklahoma, October 10, 1928.

"$1,404.00 for value received—December 10th,—after date we promise to pay to the order of Bank of Commerce, Tonkawa, Oklahoma, Fourteen Hundred Four and no/100 Dollars. Payable at the counter of said bank, with interest at the rate of ten per cent. per annum from date. Payable annually. Mary B. Jenkins."

The Bank alleged. that after maturity of $1,300 note. the same was extended from time to time upon the request of Yount, the last of which extension was the note above set out.

Yount was summoned by publication and his property in Kay county attached as a nonresident; and in response, before judgment, to the mailed copy of notice and petition, specially appeared and moved to quash service by publication for reason affidavit for service alleged as follows:

That said defendant is a nonresident of Oklahoma. That service of summons cannot with due diligence be made on said defendant within the state of Oklahoma, was void because affidavit did not affirmatively allege that defendant was not within the state of Oklahoma at date of issuance of notice by publication. This motion was overruled by court. Defendant excepted and it is assigned as error. Defendant, Yount, thereafter demurred to the Bank's petition upon the ground, among others, that the same failed to allege that note referred to in guaranty was given for a valuable consideration. This demurrer was overruled with exceptions and is assigned as error.

Facts admitted by defendant are as shown by the record: That Mary Jenkins asked her acquaintance from childhood, Yount, to go her security for a debt she owed the Bank, to which he assented in event she would give a mortgage upon her house to secure the same. This conversation and request occurred at least two or more days before the original $1,300 note and guaranty were executed, and the cashier's attention called to the understanding, and he was requested to prepare the papers. Uncontradicted evidence shows that at the time of the execution of the $1,300 note and guaranty, Mrs. Jenkins owed the Bank an overdraft of $1,701; that the note and guaranty were executed contemporaneously, Mrs. Jenkins signing the note a short while before Yount signed the guaranty; that the note and guaranty were accepted by the cashier of the Bank, and passed to the credit of Mrs. Jenkins' overdrawn account at the Bank, thereby extending the time of payment of $1,300 of the overdraft. This also appeared from the Bank's record, as to the transaction, except there was a mortgage attached to the note executed by Mrs. Jenkins, upon real estate which was the homestead of Mrs. Jenkins and her husband, and which mortgage was not signed by her husband.

Yount testified that he would have regarded the guaranty as binding had the husband signed the mortgage, as the cashier of the Bank had promised to procure the husband to do, at the time of delivery of the note and guaranty.

But an issue was raised by the evidence as to whether it was understood at the time of the execution of the note, mortgage, and guaranty that Yount understood the mortgage would not be signed by the husband of Mrs. Jenkins, and under proper instructions the jury found he did so understand, and the evidence on this point was conflicting, but the jury found for the Bank on the issue, and evidence is sufficient to sustain the finding.

The evidence is also conclusive that the Bank from time to time extended time of payment of the note to Mrs. Jenkins as many as six different times, and each time surrendered the note and mortgage formerly executed by Mrs. Jenkins, and took another note and mortgage representing the same indebtedness as originally evidenced by the $1,300 note, except added interest; that these various extension notes representing the original indebtedness were executed by Mrs. Jenkins, from time to time, between September 8, 1926, and December 10, 1928, maturity of last note sued upon.

A sharp conflict in the evidence occurs, in regard to series of renewals made by Mrs. Jenkins, as to whether or not Mr. Yount's attention was called to maturity of the original note executed at same time of guaranty and each renewal thereof, as the same became due and were executed, and each time his attention was called thereto he orally requested or consented for the Bank

to carry the indebtedness evidenced by his guaranty until he or Mrs. Jenkins could arrange to pay the indebtedness.

'(There was no evidence that he ever made such request or consent in writing.)

Upon this issue, the court by proper instructions required the jury to find, before they could return a verdict for the Bank, that each extension was made with the knowledge and consent of defendant Yount. The evidence on this issue was conflicting; however, was sufficient to sustain the verdict.

Assignments of error presented are:

(1) Error in overruling motion to quash service by publication.

(2) Error in overruling demurrer to petition because it did not allege that there was a consideration for the guaranty.

(3) Error in overruling demurrer of Yount to evidence, and in refusing to instruct the jury to find for Yount.

(4) Error in instructions of court, paragraphs 6, 7, 11.

(5) Error in refusing instructions requested by Yount, paragraphs 1-10, inclusive.

First. Upon assignment of error No. 1, we conclude that it appears from the affidavit for notice by publication that defendant was a nonresident of Oklahoma, and inferentially that Yount was not within the state of Oklahoma at the time of issuance, publication, and mailing of the notice and petition; that for such reason the service by publication could have only been voidable, and the defendant not having traversed the allegations of the affidavit, by showing that he was in the state at time of issuance and publication and mailing of notice and petition, the Bank could have known such fact by use of due diligence, and that he had been denied some right as a citizen of the state to be personally served. As held in case of Tolbert v. State Bank, 30 Okla. 403, 121 P. 212, under certain conditions, in the absence of such denial and proof thereof the inference to be drawn from the affidavit is sufficient to give the court jurisdiction in rem upon publication and mailing of proper notice.

This conclusion is supported by a decision by Commissioner Thacker, Richardson v. Howard, 51 Okla. 240, 151 P. 887, in which it is stated:

"And unless falsity in fact of an affidavit sufficient upon its face, made to obtain service by publication, renders a judgment by default upon such service void, and not merely voidable, it would seem that a motion to vacate upon the ground of such falsity, without alleging fraud or showing any defense to the action, is properly overruled, although made at the same term at which the judgment is entered, where such motion admits a state of facts that show plaintiff to have been entitled to make such service upon a distinct ground stated. although insufficiently and only incidentally stated in the affidavit for publication."

Also see Texas-Omar Gasoline & Oil Co. v. North American Car Co., 123 Okla. 57, 251 P. 1010.

In case of Keisel v. Reynolds, 125 Okla. 295, 244 P. 1104, Commissioner Ruth states that Morgan v. Stevens, 101 Okla. 116, 223 P. 365 (relied upon by plaintiff in error), was decided upon a state of facts arising prior to adoption of the 1910 Statutes still in force at time of institution of case at bar, quoting from Ballew v. Young, 24 Okla. 182, 103 P. 623:

"But where the affidavit fails to state directly, inferentially, or in any other way any matter required by statute to be stated therein. it is fatally defective, and service by publication cannot be obtained thereon. Harris v. Claflin (Kan.) 13 P. 830."

Oklahoma Statutes 1931, section 183, provides:

"Service may be had by publication where any or all of the defendants reside out of the state. or where it is stated in the affidavit * * * that plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state."

Since the affidavit in the case under consideration states defendant was a nonresident, and it may be inferred from the positive affidavit that plaintiff was unable to serve summons upon him within the state, that he was not within the state at time of filing of the suit, and since defendant fails to controvert the affidavit by showing a state of facts different from that to be inferred, the court did not err in overruling the motion to quash service. We are not here deciding that, under the present statute, there are not cases where the actual diligence used to procure service of summons need be set forth, but since defendant in this case has had opportunity of a nonresident to present every defense he had, and not alleging in his motion and offering proof that the actual facts did not exist to warrant the service by publication,

the record is sufficient to support the service.

Second. That plaintiff's petition should have alleged a valuable consideration for the note and guaranty, and demurrer to petition was improperly overruled.

A promissory note imports a consideration, and a guaranty guaranteeing payment thereof, executed contemporaneously or accepted at same .time, is supported by such imported consideration. Moses v. National Bank of Lawrence County, 149 U. S. 298, 13 S. Ct. 900, 37 L. Ed. 743..

Such imported consideration prevails in the absence of pleadings putting in issue the want of consideration, especially where note recites consideration as in case under consideration. White v. Kemper Military School, 132 Okla. 189, 270 P. 31; Bernert v. Bernert, 123 Okla. 78, 254 P. 724; Schauer v. Morgan (Mont.) 215 P. 350.

Third. The alleged error that the court erred in paragraph 1 of its charge in instructing 'the jury as follows:

"You are further instructed that, where a guaranty is entered into at same time with the original obligation or with the acceptance of the original obligation forms with that obligation a part of the consideration, to the guaranty, no other consideration need to exist. * * * Now, as applied to this case this would mean that the taking of a note * * * in the sum of $1,300 by the bank from Mary B. Jenkins was the original obligation, and that if the guaranty was entered into by the defendant at the same time as the bank accepted the note * * * and formed a part of the same transaction, then no further consideration need pass to guarantor. And it is not claimed defendant, Yount, received any consideration, distinct from that of the original obligation, it devolves on the plaintiff to show that the defendant entered into the guaranty either at the time of the original obligation was entered. or at same time note * * * was accepted by the bank. * * * That before you can find for plaintiff it must show:

"1. That defendant signed and delivered to it the written guaranty at same time the $1,300 note and mortgage were executed, and as part of the same transaction.

"2. That the guaranty was delivered by the defendant to the agent of the bank who accepted it as such, and as the guaranty of payment of the $1,300 note and interest, and that plaintiff in reliance on said guaranty did extend credit of $1,300 to Mary B. Jenkins, or did extend time of payment of her indebtedness to the bank."

We conclude the evidence shows that Yount intended to guarantee a debt due the

Bank by Mrs. Jenkins, upon condition that she would secure the same by a mortgage upon her house in Tonkawa, that the note and mortgage were drawn, the note guaranteed by Yount, which was made payable six months after date as part of the same transaction and in extension of the overdraft and note and mortgage and guaranty accepted by the Bank and credited to Mrs. Jenkins' overdrawn account by the Bank. The charge as above given submitted an uncontroverted issue to the jury under evidence which justified a peremptory instruction that there was sufficient consideration for the note of Mrs. Jenkins, that 'the note, mortgage, and guaranty were contemporaneously executed as as part of same transaction and accepted by the Bank at time Mrs. Jenkins' overdrawn account was credited with note for the reason that any understanding or agreement of Yount made previous to the execution of the note, mortgage, and guaranty whereby he had only agreed to guarantee a debt due and not for an extension thereof, and not incorporated into written evidence, would vary the terms of the contract as made, and is not permissible. Allan v. Terrell, 126 Okla. 251, 259 P. 268, and authorities cited.

The charge of the court properly applied the law of the case as set forth in section 9602, Okla. Stats. 1931, and is supported by: Stuart v. Edwards, 84 Okla. 207, 202 P. 1032; Marshall v. State, 59 Okla. 243, 158 P. 1166; Schauer v. Morgan (Mont.) 216 P. 350; Ruby v. West Coast Lbr. Co., 139 Ore. 388, 10 P. (2d) 358; Santa Ana Sugar Co. v. Smith, 116 Cal. App. 422; J. R. Watkins Co. v. Brund (Wash.) 294 P. 1024.

The inevitable conclusion to be **drawn** from the above cases is that a guaranty, executed contemporaneously with a note which it guarantees, and which note is executed for valuable consideration, or such guaranty is executed with intention to guarantee the payment of such a note and to be accepted by the payee at time of delivery and acceptance of the note guaranteed, the consideration for which the note is executed is sufficient consideration to support the guaranty, such note may be for a valid preexisting debt, accompanied with an extension of time of payment, or other performance where payee binds himself to allow any change of the right of the payee to enforce an enforceable debt, for which the note guaranteed was executed. Any change in the obligatory condition of an enforceable pre-existing debt which could be deemed of benefit to the payor will support a **guar-**

anty of payment thereof. See definition of "consideration," sections 9440 and 9441, Okla. Stats. 1931.

The above principle did not seem to be considered by either counsel for the Bank or Yount, at time of trial, as the Bank sought strenuously to prove that some portion of the overdraft of Mrs. Jenkins was allowed by the Bank, in reliance upon an oral understanding with Yount and Mrs. Jenkins that the same would later be included in a note of Mrs. Jenkins and guaranteed by Yount, and that the guaranty sued upon was consummation of such understanding.

The defendant, Yount, sought as diligently to prove that such suggestion or understanding was not made until after all the overdraft had been allowed by the Bank to Mrs. Jenkins, and that his interest was only to guarantee a debt due by Mrs. Jenkins to the Bank, but since the evidence shows that Yount guaranteed the payment of a note based upon an extension of time of payment of overdraft, it is immaterial that plaintiff based its right to recover, by assuming the burden to prove a consideration other than that shown by the guaranty and the note taken in connection with the acceptance thereof by the Bank, and passing the same to the credit of Mrs. Jenkins' overdraft. The learned court having charged that extension of time of payment was sufficient consideration for the note, in view of this fact, whether there was proof of any other consideration made by plaintiff became immaterial.

The court by appropriate instructions properly submitted the issue as to whether Yount instructed the cashier of the Bank to obtain the signature of Mr. Jenkins to the mortgage securing the note guaranteed, before accepting the same, or Yount understood at time of signing guaranty that Mr. Jenkins was not to sign the mortgage, and the reference in the guaranty to a note for $1,300, "secured by a mortgage upon her house in Tonkawa," was intended as a mere matter of identity of the note guaranteed, and upon this issue the jury found for plaintiff, and there is sufficient evidence to support the finding.

There was a further issue of law made by the defendant's requested instruction No. 3:

"You are instructed that a guaranty must be in writing, and that extension or renewal thereof must be in writing, unless it be a continuing guaranty"

—and that since the note guaranteed of Mrs. Jenkins was extended from time to time by surrender of the original note and successive renewals thereof as each new note was executed, thereby altering the original obligation guaranteed without the written consent of Yount, such extension violated the statute of frauds requiring the obligation to answer for the debt and default of another to be in writing, and that the oral request or consent by Yount that the note of Mrs. Jenkins should or might be extended from time to time until he, Yount, or Mrs. Jenkins might obtain funds to discharge same would not be sufficient consent to such extensions.

The jury found the oral consent was given to each extension under appropriate instructions, and there is evidence, found by the jury to be true, to sustain this finding.

Section 9617, Okla. Stats. 1931, provides:

"A guarantor is exonerated, except so far as he may be indemnified by the principal if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended."

In discussing this statute, the Supreme Court of Oklahoma decided in case of K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, that the consent required by above statute must be in writing or supported by an executed oral consent of the guarantor, where guaranty was not a continuing one. This conclusion is supported by Walker v. McNeill, 132 Okla. 40, 269 P. 295; Sanger v. Flory (Idaho) 286 P. 610; Security Commercial & Savings Bank v. Seitz (Cal. App.) 185 P. 188.

The jury was instructed by the court that if the extensions were made upon the consent or request of Yount, they might find for plaintiff (if other essential findings were also made), and the jury therefore determined alterations were made in the written contract by an executed oral request or consent.

We find the verdict of the jury was sustained by sufficient evidence upon this controverted issue in the case; that there was no error in the court's original instruction affecting the substantial rights of defendant, no error in overruling Yount's demurrer to evidence, no error in refusing requested instructions Nos. 1 to 10 requested by Yount.

The judgment of lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. E. Gore, John B. Wilson, and W. B. Garrett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gore, and approved by Mr. Wilson and Mr. Garrett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.