**RIVERSIDE NATIONAL BANK, a National Banking Association, Appellant,**

v.

**James C. MANOLAKIS, an Individual, Appellee.**

**No. 51366.**

Supreme Court of Oklahoma.

April 29, 1980.

Rehearing Denied July 21, 1980.

Ted M. Riseling, Kothe, Nichols & Wolfe, Inc., Tulsa, for appellant.

Paul B. Naylor, Naylor & Williams, Inc., Tulsa, for appellee.

OPALA, Justice:

The issues to be resolved on appeal are: [1] Do the provisions of 12 O.S.1971 § 686,[1] by which (upon creditor's failure to seek deficiency judgment within 90 days after foreclosure sale) the principal debtor's liability may be deemed terminated by fictional satisfaction of the mortgage debt, afford every guarantor the very same legal protection as that which is extended to the debtor? [2] If not, does the discharge of the principal debt and debtor by operation of § 686 operate, by force of law, *ipso facto* to exonerate the guarantor from his collateral obligation on the theory that the creditor's failure to seek deficiency judgment constitutes an "intervention or omission" under 15 O.S.1971 § 344?[2]

We hold that the effect of § 686 as construed in *Apache* may be avoided by an agreement which allows the guarantor's liability to survive regardless of the creditor's omission to seek deficiency judgment against the principal debtor. What defenses remain available to a guarantor under § 344, upon creditor's failure to seek a deficiency judgment, must be determined by the terms of the guaranty contract, i. e. by the breadth of the guarantor's promise. In the case before us the guarantor, by the clear provisions of his promise, expressly waived all of the available § 344 defenses.

Jenks Plaza, Inc. [debtor] became indebted to Riverside National Bank, appellant [bank], on a promissory note. The note was secured both by personal property and realty. By several individual undertakings a number of persons guaranteed payment of the note. Manolakis, appellee [guarantor], was one among these many guarantors.

Following debtor's default and guarantors' refusal to pay, bank instituted suit to recover the amount of the note, foreclose on personal property securing it and to enforce the guarantors' promise. A creditor other than the bank who had a prior mortgage interest in debtor's encumbered real property brought a foreclosure suit in which the bank and the debtor were among the defendants. As holder of the second mortgage, the bank cross-claimed and was successful in recovering a judgment. The sale of the realty, which followed foreclosure, brought insufficient proceeds to pay the first mortgage. The bank, which was thus left without any satisfaction, did not seek a deficiency judgment.

In the action here under review the bank sought to enforce against the guarantor, his assumed liability for payment of the principal debtor's obligation. The trial court's judgment rests on the view that the principal debt became satisfied, by operation of § 686, when the bank failed to file a deficiency-judgment motion within 90 days of the foreclosure sale. As a basis for its

1. In pertinent part 12 O.S.1971 § 686 provides: "In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment . . . shall be rendered for the amount or amounts due . . . Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this Act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought . . . If no motion for a deficiency judgment shall be made . . . the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist. * * *"

2. The provisions of 15 O.S. 1971 § 344 are: "A guarantor is not exonerated by the discharge of his principal by operation of law, without the intervention or omission of the creditor."
In-text references to 12 O.S. 1971 § 686 and 15 O.S. 1971 § 344 are by their section numbers only.

decision the trial court cited *Apache Lanes, Inc. v. National Educators Life Ins. Co.*[3]

In *Apache* we held that creditor's failure to seek a deficiency may not only extinguish the principal debt by force of § 686 but could also discharge the guarantor's obligation.

## I.

Anti-deficiency statutes much like our § 686 were adopted in many states to protect mortgagors from personal liability after a foreclosure sale has been effected at a time of greatly deflated land values in a depressed economy.[4] Some of these statutes effect a mere restriction upon the time period during which recovery of deficiency may be sought, while others require that the mortgage debt be considered set off by either the sale proceeds or by the full market value of property sold, whichever of these amounts is higher.[5] New York and Oklahoma went even farther. In these two states the mortgage debt is deemed satisfied when deficiency recovery was not timely sought.[6] Although New York, unlike Oklahoma, has not adopted the Field Code chapters which deal expressly with guaranty and suretyship obligations,[7] there are some statements in our case law which without a closer examination appear to extend in favor of all guarantors the shield afforded by the anti-deficiency statute's automatic discharge provisions.[8]

We cannot ascribe to our holding in *Apache* the broad sweep contended for it by guarantor. Were we to do so, the legal effectiveness of guaranty would be made totally dependent on the continued existence of the principal debt rather than be regarded as co-extensive in its breadth and sweep with the terms of the guarantor's valid and hence enforceable promise. For the reasons to be stated we absolutely reject the notion that the benefits of a § 686 discharge automatically avail to a guarantor.

A. Guarantor's argument in effect equates the position of a guarantor with that of the security owner who, while not becoming liable for the obligation of another, allows it to be impressed as a lien on his/her own property. In that situation, when the underlying obligation for which the security is given ceases to exist, the lien upon the security is automatically dis-

3. Okl., 529 P.2d 984 [1974]. A later appeal in this case, involving different issues, is found in *National Educators Life Insurance Company v. Apache Lanes, Inc.*, Okl., 555 P.2d 600 [1976].

4. *Ingerton v. First National Bank and Trust Co.*, 291 F.2d 662 [10th Cir. 1961], later appeal on another issue, 303 F.2d 439 [10th Cir. 1962]; *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97 [1963]; *Merchants National Bank and Trust Co. v. Wagner*, 93 Misc.2d 224, 402 N.Y.2d 936 [1978]; B. Rintala California's Anti-Deficiency Legislation and Suretyship Law: The Transversion of Protective Statutory Schemes, 17 U.C.L.A. L.Rev. 245, 252 [1969].

5. Cal.Civ.Proc.Code § 580a.

6. N.Y. Real Prop. Acts. Law § 1371 (49½) and 12 O.S. 1971 § 686.

7. 15 O.S. 1971 §§ 321–344, both inclusive and 15 O.S. 1971 §§ 371–385, both inclusive.
In *Ingerton v. Trust National Bank and Trust Co.*, 291 F.2d 662 [10th Cir. 1961], later appeal on other related issue, 303 F.2d 439 [10th Cir. 1961], the court theorized that because Oklahoma adopted the same statutory wording we would adopt construction identical to that of the New York courts. This hypothesis seems valid until the application of the anti-deficiency statute to guarantors is raised as an issue. Oklahoma has the Field Code provisions that regulate guaranty and surety relationships while New York does not. 15 O.S. 1971 §§ 321–344, both inclusive and 15 O.S. 1971 §§ 371–385, both inclusive. The common law of suretyship and guaranty was never separately codified in New York, but was approached on a "related transaction" basis. Memorandum of State Law Revision Commission, 1961 Rep.Leg.Doc. No. 65(G), 1963 N.Y. Laws. Not until 1963 did the General Obligations Book bring the scattered sections together. From this history, it can be seen that New York approaches guaranty as a "related transaction", whereas Oklahoma treats the guarantor within a separate chapter.

8. *Merchants National Bank & Trust Co. v. Wagner*, supra note 4; *State Bank of Albany v. Amak Enterprises*, 77 Misc.2d 340, 353 N.Y. S.2d 857 [1974]; *Apache Lanes, Inc. v. National Educators Life Ins. Co.*, supra note 2.

charged.[9] The lien cannot survive the life of the obligation it secured. A guarantor's undertaking, on the other hand—because it differs so vastly from the rights of a nonobligor who provides security for another person's debt—creates a collateral obligation independent and separately enforceable from that of the principal debtor. The debtor need not be and frequently is not a party to the guaranty agreement.[10] Nor need the guarantor be a party to the principal obligation.[11] The obligation of a guaranty is contractual, and the inquiry must, in each case, focus on the precise terms of the guarantor's undertaking—the dimension or breadth of the promise.[12] Oklahoma has long recognized the independent nature of the guarantor's obligation.[13] It has long held that the running of the statute of limitations on the principal debt does not operate to bar an action against the debtor's guarantor.[14]

■ B. Our anti-deficiency statute, § 686, addresses itself exclusively to the creditor/debtor relationship. It does not deal with the more complex, tripartite relationship of guarantor/debtor/creditor or with the rights under a guaranty agreement. The obligations in the latter category are regulated by the distinctly unrelated and separate provisions of 15 O.S. 1971 §§ 321–344. Although a creditor's failure to seek a deficiency recovery may impair a guarantor's right to proceed against the principal debtor, it does not follow that a guarantor is automatically discharged in every case. That must, of course, depend on the nature of the guarantor's undertaking. Giving *Apache* the meaning for which the guarantor contends would make legally impermissible and hence unenforceable any guarantor's promise that is broad enough to survive § 686 discharge of the principal debtor. There is no statutory warrant for so restricting the creditor's power to exact a broader promise and the guarantor's capacity to bargain away his § 344 defenses. In short, the protection of § 686 applies only to debtors. It does not make illegal those contracts that allow the guarantor's liability to survive § 686 discharge nor can it, per se, operate to exonerate the guarantor from liability on an obligation deemed "satisfied" by that section.

## II.

Our inquiry is next directed to the effect of the bank's failure to seek a deficiency judgment upon the guarantor's promise. In short, may this failure be treated as an "intervention or omission" under § 344?

We are confronted here with facts materially different from those in *Apache*. In that case six guarantors, in a two-sentence guaranty contract limiting their individual liability to a designated amount, promised payment of the debtor's note. The guarantors did not expressly or impliedly agree to become liable for any amount remaining due after the sale of the security. In short, the guarantors' promise did not reach far

9. 15 O.S. 1971 § 376; *Cook v. Bingman*, 198 Okl. 421, 179 P.2d 470, 472–473 [1947].

10. 15 O.S. 1971 § 322; a person may become a guarantor without the knowledge or consent of the principal.

11. This is true, of course, unless the guarantor signs the instrument of principal indebtedness; L. Simpson, Handbook on the Law of Suretyship [1950].

12. Restatement of Law of Security § 382, comment g [1941].

13. 15 O.S. 1971 § 338; *Janeway v. Vandeventer*, 172 Okl. 379, 45 P.2d 79 [1935] held guarantors can be sued without joining the principal obligor; *Federal Savings & Loan Ass'n v. Bell*, 146 Okl. 128, 293 P. 214 [1930] held creditor need not allege in an action against guarantor that an effort had been made to collect from the principal; *Walker v. McNeal*, 132 Okl. 40, 269 P. 295 [1928] held that mere delay in enforcing a claim against the principal obligor did not exonerate the guarantor.

14. 15 O.S. 1971 §§ 342 and 344. *Apache*, supra note 2, and *Dupree v. Jordan*, 123 Okl. 91, 252 P. 67 [1927]. Accord Cal.Civ.Code § 2825; *Mariners Savings & Loan Ass'n v. Neil*, 22 Cal.App.3d 232, 99 Cal.Rptr. 238 [1971]; *Bloom v. Bender*, 48 Cal.2d 793, 313 P.2d 568 [1957]; *Bank of America v. Hunter*, 8 Cal.2d 592, 67 P.2d 99 [1937]. Contra, *Klinke v. Samuels*, 264 N.Y. 144, 190 N.E. 324 [1934].

enough to include a waiver of their § 344 defenses.

 In the instant case the guarantor promised full and prompt payment of the debtor's obligation and waived certain statutory defenses. Specifically, guarantor agreed that his liability would not be "affected or impaired" by any "failure, neglect or omission" of the bank to protect, in any manner, the collection of the indebtedness or the security given therefor. This part of the promise is alone broad enough to deprive guarantor of his § 344 defenses and prevent his exoneration by operation of § 344 through the bank's "omission" in procuring a deficiency judgment.[15] The law is clear that the terms of guaranty agreement should be read in favor of one who has parted with property in reliance on the collateral promisor and hence against the guarantor.[16]

Summary judgment in favor of the guarantor, together with the allowance of attorney's fee against the bank, is reversed and cause remanded for further proceedings.

IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

LAVENDER, C J., and HODGES, J., dissent.

---

**15.** In *Black v. O'Haver*, 567 F.2d 361, 372 [10th Cir. 1977], cert. den. 435 U.S. 969, 98 S.Ct. 1609, 56 L.Ed.2d 61 [1978], a similar clause in the guaranty contract was held to waive any defense the guarantor may assert under the fictional satisfaction of principal debt created by the terms of 12 O.S. 1971 § 686.

**16.** *Rucker v. Republic Supply Co.*, Okl., 415 P.2d 951 [1966]; *First National Bank v. Cleveland*, 127 Okl. 176, 260 P. 80 [1927]; *Lamm & Co. v. Colcord*, 22 Okl. 493, 98 P. 355 [1908].