LOCAL FEDERAL BANK, F.S.B., a federal savings bank, Appellee,

v.

JICO, INC., a corporation; JICO Health Services, Inc., a corporation; Timothy K. Pickert, an individual; and E.W. Jiles, an individual, Appellants.

No. 78053.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 10, 1992.

Edward O. Lee and John W. Mee, III, Pate & Payne, P.C., Oklahoma City, for appellants.

Gary A. Bryant, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, for appellee.

## OPINION

BAILEY, Presiding Judge:

Appellants JICO, Inc., JICO Health Services, Inc., Timothy K. Pickert, and E.W. Jiles (collectively, Guarantors) seek review of the Trial Court's order granting summary judgment to Appellee Local Federal Bank (Bank). The parties have filed an agreed Statement in Lieu of Record on Appeal,[1] and present the following questions for review.

First: Is a guarantor of a debt secured by a mortgage on real estate entitled to compel an offset in the amount of the fair market value of the real property mortgaged pursuant to Title 12 O.S. Section 686?

Second: If a guarantor is entitled to the offset referred to above, does the language contained in the guaranty agreements at issue in this case ... constitute an effective waiver of this right or are these waivers void as being contrary to public policy?

In 1985, Cimarron Nursing Center (Cimarron) executed a promissory note in favor of Bank secured by a mortgage on real property. As additional security, and to induce Bank to extend credit and other financial accommodations to Cimarron, Guarantors executed guaranty agreements[2] in favor of Bank pursuant to which each of the Guarantors "agree[d], without the [Bank] first having to proceed against [Cimarron] or to liquidate any security, to pay on demand all sums due ...,"[3] and "waive[d] all set-offs and counterclaims."[4]

Bank made advancements to Cimarron under the terms of the note, and demanded repayment thereof from Cimarron and Guarantors. Cimarron and Guarantors failed and/or refused to repay, and Bank initiated the present action. On Bank's motion for summary judgment, the parties stipulated to no factual controversy, and the Trial Court subsequently granted summary judgment to Bank, specifically holding:

[Guarantors], by reason of the specific language of their guarantees, are not entitled to claim any right of setoff under 12 O.S.1981 § 686. If any guarantor were [sic] entitled to credit for the fair market value of any real property secur-

---

1. Rule 1.23, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2.

2. Jiles, Greer, Armstrong, Pickert and JICO (by its president, Jiles) executed "short form" guaranty agreements, and Greer, Armstrong, Pickert and JICO (by its president, Jiles, duly attested by the Jico corporate secretary) additionally executed a type-written five-page "long form" guaranty agreement.

3. A provision of the "short form" guaranty agreements, although the "long form" agree-

ment contains a similar provision allowing Bank to "first proceed against this Guaranty and against any security given by [Guarantors] in connection herewith to satisfy [Cimarron's] indebtedness, without first having to proceed against [Cimarron] or to liquidate paper or any security which may have been given to [Bank] by [Cimarron]."

4. A provision of the "long form" guaranty agreement.

ing the indebtedness of Cimarron to [Bank], each guarantor waived that right under the specific language of his, or its, guaranty. (Citations omitted).

Furthermore, the contractual waivers set forth in each guaranty are not void against public policy and are enforceable.

Guarantors now appeal. In that regard, we deem it unnecessary to address the first issue, that is, whether 12 O.S. 1991 § 686 allows Guarantors to set-off the fair and reasonable market value of the mortgaged property, as we find the second issue dispositive, that is, that Guarantors expressly waived any right to set-off.

Section 686 of Title Twelve,[5] "address[ed] ... exclusively to the creditor/debtor relationship," "does not deal with the more complex, tripartite relationship of guarantor/debtor/creditor or with the rights under a guaranty agreement."[6] A "guarantor's obligation is *collateral* to that of the principal debtor ... and *independently and separately enforceable*," that is, a *"purely contractual obligation,"* "regulated by the distinctly unrelated and separate provisions of 15 O.S. [1991] §§ 321–344."[7] (Emphasis original.) Consequently, "[t]he *precise terms of the guarantor's undertaking and the extent of the given promise govern the breadth of the obligation."*[8] (Emphasis original.)

■ In the instant case, the guaranty agreements provide for Guarantors' absolute, unconditional and primary liability to Bank for all amounts due from Cimarron to Bank. The "long form" guaranty agree-ment executed by Greer, Armstrong, Pickert and Jiles as president of JICO expressly provides for waiver of all rights of set-off. The "short form" guaranty agreements executed by Greer, Armstrong, Pickert, Jiles (individually) and JICO (by its president, Jiles) specifically grants Bank the rights to (1) proceed directly against Guarantors without prior liquidation of any collateral securing the indebtedness or first proceeding against Cimarron, and (2) to sell, exchange, release or surrender any and all collateral for the obligation without impairing Guarantors' obligations to Bank. Construing the guaranty agreements together and in favor of Bank,[9] we hold Guarantors waived any rights to set-off the fair market value of the other security. Stated otherwise, the "broad waiver disposes of the set-off issue and dispenses with the need to consider whether the anti-deficiency statute, 12 O.S.1981 § 686, avails to protect the [G]uarantors."[10]

■ On this issue, Guarantors also assert invalidity of the guaranty provisions waiving the right to set-off as violative of statutory and constitutional law, hence void as against public policy and unenforceable. Specifically, Guarantors contend (1) 15 O.S. 1991 § 216 prohibits any contractual provision restricting access to the courts, (2) Article II, § 6 of the Oklahoma Constitution insures access to the courts of this State by every person, and (3) Article II, § 8 of the State Constitution invalidates any contract provision waiving constitutional rights.

---

**5.** Section 686 of Title Twelve, Oklahoma Statutes (1991) provides, in pertinent part:
   ... In any action pending at the time this act becomes effective or thereafter commenced, other than an action to foreclose a mortgage, to recover a judgment for any indebtedness secured by a mortgage on real property ... and which is secured solely by such mortgage, against any person or corporation directly or indirectly or contingently liable therefor, any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property ....

**6.** *Riverside National Bank v. Manolakis,* 613 P.2d 438, 441 (Okl.1980). *See also, INA Life*

*Insurance Co. v. Brandywine Associates,* 800 P.2d 1073, 1077 (Okla.App.1990).

**7.** *Founders Bank and Trust Co. v. Upsher,* 830 P.2d 1355, 1361 (Okl.1991); *Riverside Nat. Bank,* 613 P.2d at 441.

**8.** *Founders Bank and Trust Co.,* 830 P.2d at 1361.

**9.** *Founders Bank and Trust Co.,* 830 P.2d at 1362.

**10.** *Founders Bank and Trust Co.,* 830 P.2d at 1363.

However, we find no vitiating constitutional or statutory infirmities. The Oklahoma Supreme Court has recently recognized "the protection of the [statutory] provisions that regulate guaranty and suretyship relations in Oklahoma may be relinquished by contractual waiver."[11] That is, "absent illegality parties are *free to bargain* as they see fit," even as to "terms and conditions less favorable to the guarantor than those rights afforded by statute:"[12] "[E]ven though the result may be harsh, a party will be bound by the unambiguous terms of a contract."[13] (Emphasis original.) Further, Guarantors presence in this Court attacking validity of the guaranty agreements belies infringement of the right to access to a judicial forum. We therefore hold Guarantors not deprived of any constitutional or statutory rights in this action, and Guarantors having failed to show "the guaranty agreement[s] ... unenforceable for public policy reasons, ... we know of no legal impairment to ... enforcement" thereof.[14]

The order of the Trial Court granting summary judgment to Bank is therefore AFFIRMED.

HANSEN, V.C.J., and HUNTER, J. concur.

**11.** *Founders Bank and Trust Co.,* 830 P.2d at 1363, 1364.

**12.** *Founders Bank and Trust Co.,* 830 P.2d at 1362, 1364. *See also, Black v. O'Haver,* 567 F.2d 361 (10th Cir.1977) (15 O.S. § 216, prohibiting contract provisions which restrict enforcement of contractual rights through the courts, does not apply to contractual waiver of substantive, as opposed to procedural, rights).

**13.** *Founders Bank and Trust Co.,* 830 P.2d at 1362; *Cook v. Oklahoma Board of Public Affairs,* 736 P.2d 140, 147 (Okl.1987).

**14.** *Founders Bank and Trust Co.,* 830 P.2d at 1364.