2016 OK CIV APP 51

The **PEOPLE'S NATIONAL BANK,**
an Oklahoma Corporation,
Plaintiff/Appellee,

v.

Barbara **ALLISON,** a/k/a Barbara
**Temple,** a single person,
Defendant/Appellant,

and

Sean **Silver** and Kristy **Silver,** husband
and wife, Defendants.

Case Number: 113604

Court of Civil Appeals of Oklahoma,
Division No. 2,
**Division II.**

Decided: November 24, 2015

Mandate Issued: July 26, 2016

Rehearing Denied January 21, 2016

Gregory R. Stidham, Stidham Law Office, Checotah, Oklahoma, for Plaintiff/Appellee.

Teressa L. Webster, Legal Aid Services of Oklahoma, Inc., Muskogee, Oklahoma, for Defendant/Appellant.

JERRY L. GOODMAN, VICE–CHIEF JUDGE:

¶ 1 Barbara Allison, a/k/a Barbara Temple (Guarantor), appeals the trial court's December 30, 2014, order granting The People's National Bank's (Bank) motion for deficiency judgment in the amount of $28,438.62, plus interest. Based on our review of the record and applicable law, we reverse with directions.

## BACKGROUND

¶ 2 Sean and Kristy Silver (Silvers) signed a promissory note in the amount of $68,908.26 on November 2, 2011, covering real property in McIntosh County, Oklahoma. Guarantor signed as co-signer, agreeing to guarantee the note. The Silvers subsequently defaulted on the note and Bank initiated a foreclosure proceeding against the Silvers and Guarantor (collectively, "Defendants") on July 30, 2013. On August 29, 2014, Bank obtained a judgment by default against all defendants. On March 18, 2013, the property was sold at sheriff's sale to Bank for $43,334.00, having been appraised for $65,000.00. The trial court subsequently confirmed the sheriff's sale over Defendants' objections.

¶ 3 On November 12, 2014, Bank filed a motion for deficiency judgment against Defendants. Defendants objected, asserting the motion was untimely and barred under 12 O.S.2011, 686, having been filed more than ninety (90) days after the day of the sheriff's sale. Bank subsequently dismissed their motion as to the Silvers and filed an amended motion for deficiency judgment, seeking judgment in the amount of $40,104.62 against only Guarantor. Guarantor objected, asserting Bank's failure to timely pursue a deficiency judgment against the Silvers was an act or omission that impaired her rights to collect the debt from the Silvers, thus providing exoneration to her from liability for the debt pursuant to 15 O.S.2011, 338 and 344. Bank filed a reply, stating Guarantor's obligation survived even if the original borrowers were discharged from their obligation. Bank further amended the amount of deficiency sought to $28,438.62, based upon a re-sale of the property. The trial court subsequently granted Bank's motion for deficiency judgment against Guarantor in the amount of $28,438.62 by order entered on December 30, 2014. Guarantor appeals.

## ANALYSIS

### A. Dismissal

¶ 4 Initially, Bank asserts the appeal should be dismissed as moot pursuant to Oklahoma Sup. Ct. Rule 1.6(c)(1), 12 O.S. ch. 15, app.1, because Guarantor voluntarily satisfied the underlying judgment. In Oklahoma, the payment of a final judgment by the appealing party does not result in the waiver or abandonment of that party's right to appeal unless the payment "is shown to be made with the intent to compromise or settle the matter [or] makes relief impossible in case of reversal." *Grand River Dam Auth. v. Eaton*, 1990 OK 133, 803 P.2d 705, 709. Under the appellate record presented, Bank has failed to show Guarantor intended to settle her dispute or abandon her appeal by remitting the judgment amount. Accordingly, we reject Bank's claim that Guarantor's appeal is moot.

### B. Guarantor's Appeal

¶ 5 A guaranty is a "promise to answer for the debt, default or miscarriage of another person." 15 O.S.2011, 321. The obligations of a guarantor "are purely contractual." *Founders Bank & Trust Co. v. Upsher*, 1992 OK 35, ¶ 10, 830 P.2d 1355, 1361. The guarantor's promise "creates a collateral obligation independent and separately enforceable from that of the principal debtor ... and the inquiry must, in each case, focus on the precise terms of the guarantor's undertaking—the dimension or breadth of the promise." *Riverside Nat'l Bank v. Manolakis*, 1980 OK 72, ¶ 9, 613 P.2d 438, 441. The parties' intent at the time they entered into the agreement controls the meaning of the written contract, and the precise terms and the extent of the guarantor's promise "govern the breadth of the obligation." *Upsher*, 1992 OK 35, at ¶ 10, 830 P.2d at 1361. Intent of the parties is gathered from the entire written agreement and where the contractual language is free from ambiguity, the terms therein are the "only legitimate evidence of what the parties intended." *Id.* at ¶ 11, at 1362. "Whether contract language is ambiguous is a question of law for the court." *M.J. Lee Constr. Co. v. Oklahoma Transp. Auth.*, 2005 OK 87, ¶ 11, 125 P.3d 1205, 1210. If unambiguous, the contract's meaning is also a question of law for the court. *Id.* Such questions of law are reviewed *de novo. Id.* Further, under Oklahoma law, guaranty agreements are construed most strongly against the guarantor. *JPMorgan Chase Bank, N.A. v. Specialty Restaurants, Inc.*, 2010 OK 65, ¶ 9, 243 P.3d 8, 13, as corrected (Nov. 22, 2010). Finally, because the inter-

pretation, application, and effect of certain statutes are also central to this controversy, we apply a *de novo* standard of review. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 8, 33 P.3d 302, 305.

¶ 6 On appeal, Guarantor contends the guaranty agreement did not waive her right to exoneration provided by 15 O.S.2011, 338 and 344. Section 338 provides:

> A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended.

Section 344 provides that "[a] guarantor is not exonerated by the discharge of his principal by operation of law, without the intervention or omission of the creditor."

¶ 7 Guarantor contends Bank's failure to seek a deficiency judgment against the principal borrowers, the Silvers, was an "action or omission of the creditor without the consent of the guarantor" which impaired her remedies. Thus, Guarantor is exonerated from liability.

 ¶ 8 In *National Educators' Life Ins. Co. v. Apache Lanes*, 1976 OK 121, 555 P.2d 600, the Oklahoma Supreme Court held that a creditor's failure to seek a deficiency might extinguish not only the principal debt by operation of Oklahoma's anti-deficiency statute, 12 O.S. 686 [1], but also discharge a guarantor's liability. In *Riverside Nat'l Bank v. Manolakis*, 1980 OK 72, 613 P.2d 438, the Court was asked to extend *Apache* by ruling that the protection of 686 affords "every guarantor" the same legal protections extended to the debtor. *Id.* at ¶ 1, at 439. The Court rejected the argument that a creditor's failure to seek a deficiency judgment automatically impairs a guarantor's right to proceed against the principal debtor and therefore exonerates the guarantor. Whether a guarantor is exonerated under these circumstances depends on the nature of the guarantor's undertaking. *Id.* at ¶ 2, at 439. The Court noted 686 applies only to the creditor/debtor relationship.

> [ ] It does not deal with the more complex, tripartite relationship of guarantor/debtor/creditor or with the rights under a guaranty agreement. The obligations in the latter category are regulated by the distinctly unrelated and separate provisions of 15 O.S. 1971 321–344. Although a creditor's failure to seek a deficiency recovery may impair a guarantor's right to proceed against the principal debtor, it does not follow that a guarantor is automatically discharged in every case. That must, of course, depend on the nature of the guarantor's undertaking.

*Id.* at ¶ 10, at 441.

¶ 9 After reviewing the guaranty agreement's language, the Court in *Manolakis* held the guarantor had waived his defenses. Specifically, the guarantor had agreed that his liability would not be "affected or impaired" by any "failure, neglect or omission" of the bank to protect, in any manner, the collection of the indebtedness or the security given. The Court found "[t]his part of the promise alone broad enough to deprive guarantor of his 344 defenses and prevent his exoneration by operation of 344 through the bank's 'omission' in procuring a deficiency judgment." *Id.* at ¶ 13, at 442. See also *Bank of Oklahoma v. Red Arrow Marina Sales & Serv.*, 2009 OK 77, ¶ 34, 224 P.3d 685, 698 ("The terms of the guaranty agreement define the specific nature of the promise exacted from the guarantor and thus determine both the scope of the guarantor's liability and the available defenses the guarantor may raise against that liability. A consenting

---

1. Title 12 O.S.2011, 686 currently provides:
 [ ] Notwithstanding the above provisions, no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a post-judgment deficiency order upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. If no motion for a post-judgment deficiency order shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.

guarantor may waive the protections provided by the separate statutory scheme regulating guaranty contracts. Such waivers as may exist will be ascertained from the express terms of the agreement.")

¶ 10 No similar language appears in the present case. Rather, in support of its position, Bank cites the following language from the promissory note:

[ ]The bank can collect this debt from you without first trying to collect from the borrowers. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc.

¶ 11 Based on our review of the record presented, there is no language indicating Guarantor waived her 338 and 344 defenses. Accordingly, Bank's failure to seek a deficiency judgment against the Silvers impaired Guarantor's future right to recover from the Silvers. Pursuant to 338 and 344, Guarantor's liability is therefore exonerated. The trial court's December 30, 2014, order granting Bank's motion for deficiency judgment in the amount of $28,438.62, plus interest, was in error and is reversed with directions to order restitution to Guarantor of funds paid.

 ¶ 12 Guarantor further requests an attorney's fee and costs. Guarantor's request does not comply with Oklahoma Supreme Court Rule 1.14(B) which requires "a separately filed and labeled motion in the appellate court prior to issuance of mandate." Okla. Sup. Ct. R. 1.14(B), 12 O.S. Supp. 2014, ch. 15, app. 1. The request is therefore denied.

¶ 13 **REVERSED WITH DIRECTIONS.**

FISCHER, P.J., and WISEMAN, J., concur.